[No. 9092.    Department Two.    April 22, 1911.]

NATIONAL GROCERY COMPANY, *Respondent* v. D. W.
SIMMONS, *Appellant*.[1]

PARTNERSHIP—HOLDING OUT AS PARTNER—EVIDENCE—SUFFICIENCY.
Findings to the effect that defendant was liable for the debt of a co-
partnership are sustained, where it appears that he was at one
time a member of the firm, invested money therein, and held him-
self out as such to the plaintiff, that no formal dissolution was an-
nounced, and that, three years after he claims to have retired from
the firm, he signed a writing agreeing to give his services to the
firm for one year or employ a man to take his place, and signed the
firm name to a note in payment of firm obligations, and indorsed
another note for a partnership debt.

COSTS—ON APPEAL—ALLOWANCE.    Upon the reduction of an ex-
cessive judgment entered through the error of respondent, appellant
will be allowed the costs on appeal.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered February 5, 1910, upon findings
in favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action on contract.    Affirmed.

*Murphy & Winders*, for appellant.
*Ira Bronson*, for respondent.

PER CURIAM.—This action was commenced by the National
Grocery Company, a corporation, against Richard Irvine,
R. G. Leslie, and D. W. Simmons, copartners as Irvine, Leslie
& Company, and Nellie E. Simmons, wife of D. W. Simmons,
to recover for merchandise sold.    From a judgment in plain-
tiff's favor, the defendant D. W. Simmons has appealed.

The issue tried was whether D. W. Simmons was a member of
the alleged copartnership or had held himself out to the re-
spondent as such, and whether any judgment obtained against
him was the community debt of himself and wife.    The trial
judge found that, for a long time prior to May 24, 1907,

'Reported in 115 Pac. 306.

D. W. Simmons held himself out to the respondent as a partner of Richard Irvine in the mercantile business of Irvine, Leslie & Company, in Alaska, and that he continued such representation until September 13, 1907; that respondent, at the special instance and request of appellant and Richard Irvine, sold goods to Irvine, Leslie & Company, of the value of $10,347.07, upon which they paid $1,948.80, leaving $8,398.27 unpaid; that respondent in selling the goods relied solely and wholly upon appellant's representations; and that at no time did D. W. Simmons announce to respondent his withdrawal from such partnership relation. Upon these findings, a separate judgment for $8,398.27, interest and costs, was entered against Richard Irvine and D. W. Simmons. No community judgment was entered against Nellie E. Simmons.

The appellant contends the trial court erred in the findings made. Although respondent alleged appellant was a member of the firm of Irvine, Leslie & Company, no finding was made that he was a partner when respondent sold the goods. Appellant contends the court impliedly found he was not a partner, and argues that, if he is liable at all, it can only be on the theory of estoppel, but that the evidence shows no liability on that ground. He concedes that, during the year 1903, he was a member of the firm of Irvine, Leslie & Company, but insists that he withdrew before respondent sold it any merchandise, that he has not been a member since, and that he at no time since represented himself as one of the firm. It is immaterial for the purposes of this appeal whether appellant was a partner after the year 1903, or whether the trial court so found, as a careful examination of the evidence convinces us that the findings as to representations made by him must be sustained, and that no findings more favorable to appellant could have been made. We will not enter upon a discussion of the conflicting evidence, as no good purpose would be thereby served. It is not disputed that a partnership did at one time exist, of which appellant was a member;

that he invested money therein; that no formal dissolution was ever announced; and that he signed a written instrument by which he agreed to give his personal services to the firm from June 1, 1906, to October 1, 1906, or employ a man to take his place. Appellant admits his signature to this document, but fails to explain how he came to execute it. It is also conceded that appellant, on October 16, 1906, signed the firm name to its promissory note to an Alaska bank for $7,000, to secure funds for the payment of firm obligations, and that he later endorsed a $10,000 note to respondent for a partnership debt. These and other circumstances considered, with oral evidence of witnesses produced by respondent, are sufficient to sustain the findings made, which in turn support a judgment in respondent's favor.

The trial judge announced his opinion some time after the hearing. In the meantime, further payments were made upon the respondent's claim from partnership assets. Appellant now calls attention to the fact that the final judgment was in excess of the amount due at the date of its entry. Respondent admits this error, and expresses its willingness to correct the same.

The judgment will be affirmed, but with permission to appellant to apply to the trial court for an order reducing it to the amount actually due at the date of its entry. Because of the error of respondent in taking an excessive judgment, the appellant will recover costs on this appeal.